1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
   DAVID R. CALLAWAY (CABN 121782)
3  Chief, Criminal Division

4  GARTH HIRE (CABN 187330)
   Assistant United States Attorney
5
        1301 Clay Street, Suite 340-S
6       Oakland, California 94612
        Telephone:      (510) 637-3723
7       Facsimile:      (510) 637-3724
        E-mail:         Garth.Hire@usdoj.gov
8
9  Attorneys for Plaintiff
   UNITED STATES OF AMERICA
10

11               UNITED STATES DISTRICT COURT

12               NORTHERN DISTRICT OF CALIFORNIA

13                      OAKLAND DIVISION

14  UNITED STATES OF AMERICA,            No. CR 15-00266 HSG

15             Plaintiff,                STIPULATION AND PROTECTIVE ORDER
                                         REGARDING PRODUCTION OF
16             v.                        CONFIDENTIAL DISCOVERY

17  CHRISTOPHER MICHAEL CROSS,

18             Defendant.

19

20         Plaintiff United States of America, by and through its counsel of record, the United States

21  Attorney for the Northern District of California and Assistant United States Attorney Garth Hire, and

22  defendant Christopher Michael Cross (CROSS or defendant), by and through his counsel of record, Irv

23  Simons, hereby stipulate as follows:

24         1.      On May 14, 2015, a federal grand jury returned an indictment against the defendant

25  charging him with:  (1) Conspiracy to Distribute, and Possess with Intent to Distribute,

26  Methamphetamine and Cocaine in violation of 21 U.S.C. § 846; and (2) Possession With Intent to

27  Distribute, and Distribution of, Methamphetamine and Cocaine in violation of 21 U.S.C. § 841(a)(1).

28  Defendant is presently free on bond.

STIPULATION AND PROTECTIVE ORDER

2.      The government believes that the proposed protective order is necessary to preclude discovery materials, some of which contain sensitive information regarding security protocols at the Oakland International Airport, from being unnecessarily circulated or disseminated.

3.      The parties agree that the following conditions, if ordered by the Court, should serve the government's interest in preventing dissemination of sensitive airport security protocol information, while permitting the defense to obtain discovery necessary to defend against the charges. Accordingly, the parties jointly request that the Court order as follows:

a.      For purposes of this order, the term "defense team" refers to:  (1) the counsel of record each individual defendant and any other attorneys and staff at his or her office given access to Confidential Discovery as defined in this Order; (2) defense investigators assisting counsel with this case; and (3) any expert witnesses who may be consulted or retained by the defense team.  All members of the defense team to whom the documents or information covered by this protective order is disclosed shall be provided with and must review a copy of this stipulation and order.  Counsel for each individual defendant shall maintain a record of the name of each defense team member to whom Confidential Discovery is disclosed.  For purposes of this Order, the term "defense team" does not include the defendants in this case.

b.      The government is authorized to provide each defense team with discovery including, but not limited to, documents and files which contain information related to airport security, and may designate such discovery as "Confidential Discovery" to be governed by the terms of this protective order.  The government may designate discovery as confidential by marking such discovery with the Bates designation "CONFIDENTIAL" and may produce such discovery on a CD or DVD marked "WARNING:  CONTENTS SUBJECT TO PROTECTIVE ORDER.  UNAUTHORIZED COPYING OR VIEWING IS SUBJECT TO PUNISHMENT AS CONTEMPT OF COURT."

c.      Each individual defense team shall not permit anyone other than the defense team, including the defendant it represents, to have physical possession of Confidential Discovery.

d.      Each individual defense team shall not make photographic or electronic copies of the Confidential Discovery.  Each defense team shall not divulge or show the contents of any Confidential Discovery provided pursuant to this Order to anyone other than the individual defendant

1    it represents.  The defense team may show Confidential Discovery to the defendant in the physical

2    presence of a defense team member but may not permit the defendant to have physical possession of

3    Confidential Discovery.  Each individual defense team shall not permit Confidential Discovery

4    provided pursuant to this Order to be outside of the defense team's office, vehicles, or personal

5    presence.

6            e.       In the event that one of the parties files a pleading that includes or refers to

7    information contained in Confidential Discovery then the pleading must be filed under seal.

8            f.       Each individual defense team shall return all Confidential Discovery provided

9    pursuant to this Order to the government, fourteen calendar days after any one of the following events,

10   whichever occurs latest in time:  defendant's guilty plea; dismissal of all charges against defendant;

11   defendant's acquittal by a jury or the Court; or the conclusion of any direct appeal following

12   conviction by a jury or the Court.  In the event that a defense team has made notes or marks on the

13   Confidential Discovery constituting work product the defense team shall return the materials to the

14   government in a sealed container labeled "WORK PRODUCT-DESTROY."

15           g.       After the conclusion of the proceedings in the district court or any direct appeal

16   in the above-captioned case, the government will maintain a copy of all Confidential Discovery

17   produced.  The government will maintain such documents until the time period for filing a motion

18   pursuant to 28 U.S.C. § 2255 has expired.  After the statutory time period for filing such a motion has

19   expired, the government may destroy the documents.  In the event a defendant is represented by

20   counsel and files a motion pursuant to 28 U.S.C. § 2255, the government will provide that counsel

21   with a copy of the Confidential Discovery under the same restrictions as trial and direct appeal defense

22   counsel.  A defendant's attorney in any action under 28 U.S.C. § 2255 shall return the Confidential

23   Discovery fourteen calendar days after the district court's ruling on the motion or fourteen calendar

24

25   days after the conclusion of any direct appeal of the district court's denial of the motion, whichever is

26   later.

27

28

1      IT IS SO STIPULATED.

2   Dated: June 23, 2015                        MELINDA HAAG
                                                United States Attorney
3

4                                               _____/S/_____
                                                GARTH HIRE
5                                               Assistant United States Attorney

6                                               Attorneys for Plaintiff
                                                UNITED STATES OF AMERICA
7

8

9    ___/S/__via e-mail authorization_____        _____6/20/2015_____

10   IRVIN LEROY SIMONS                              Date
     Attorney for Defendant
11   Christopher Michael Cross

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND PROTECTIVE ORDER              4

**PROTECTIVE ORDER**

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED:  The government is hereby authorized, pursuant to Federal Rule of Criminal Procedure 16, to disclose discovery to the defense and may designate discovery to be governed by this protective order as Confidential Discovery.  The parties are hereby ordered to comply with the conditions set forth in paragraphs 4(a)-(g) of this stipulation and protective order pursuant to Federal Rule of Criminal Procedure 16(d)(1).


June 23, 2015
_____
DATE

_____
HONORABLE HAYWOOD S. GILLIAM, JR.
UNITED STATES DISTRICT JUDGE